IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **ON THE BEACH BOUTIQUE LLC**<br>5374 Thornbrook<br>Toledo, OH 43611<br><br>and<br><br>**KATHY FYE**<br>19134 Long Lake Ranch Boulevard<br>Lutz, FL 33558<br><br>                Plaintiffs,<br><br> v.<br><br>**MARISSA HAYNES**<br>1389 W 2375 S<br>Syracuse, UT 84075<br><br>                Defendant. | CASE NO. 3:22-cv-578<br><br>JUDGE JACK ZOUHARY<br><br><br>**AMENDED COMPLAINT WITH**<br>**JURY DEMAND ENDORSED**<br>**HEREON** |

\* \* \*

NOW COME Plaintiffs ON THE BEACH BOUTIQUE LLC and Kathy Fye (hereinafter "Plaintiffs"), by and through their attorneys, Braun IP Law, LLC, and Shumaker, Loop & Kendrick, LLP, and for their Amended Complaint against Defendant, Marissa Haynes[1] (hereinafter "Defendant"), state to the Court as follows:

**JURISDICTION AND VENUE**

1. This action arises under the 17 U.S.C. § 512(f) of the Digital Millennium Copyright Act ("DMCA"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1338(a) and (b). Venue in this district is proper under 28

---

[1] The sole change from the original Complaint is to change the name of the Defendant from Marissa Garcia to Marissa Haynes. "Garcia" is the name the Defendant has used with Etsy, but in recent email correspondence with Plaintiff's counsel, Defendant asserted that her current name is Marissa Haynes.

17485777v1

U.S.C. § 1391(b)(2) and this Court has personal jurisdiction over Defendant, because, among other things, (a) the agreement that Defendant allegedly tortiously interfered with as referenced in this Complaint was purportedly made and executed, at least in substantial part, in the Northern District of Ohio, including within Lucas County, (b) the Defendant intended to harm the Plaintiffs by submitting false DMCA reports against Plaintiffs that the Defendant knew, or had reason to know, were false, and (c) many of the events giving rise to this action arose in the Northern District of Ohio, including within Lucas County.

2. This Court has personal jurisdiction over Defendant. Defendant has had sufficient minimum contacts with Ohio because she knew, or had reason to know, submitting DMCA takedown requests against Etsy® shop owners for the short phrase "BUT DID YOU DYE" was improper.

3. On February 25, 2022, Defendant declared in a comment on her February 23, 2022, video that "And I'll do it again!" in response to a shop owner's comment, @tara402tara handle on TikTok®, who explained to the Defendant "Etsy removed my listing b/c you claimed u have the rights to it. The words are NOT trademarked and the design/copyright is nothing alike[.]" See Exhibit A for a screenshots of both @tara402tara and Defendant's comments on Defendant's February 23, 2022, TikTok® video titled "Bye Haters."

4. On March 4, 2022, TikTok® creator @shoptwiddy posted a video response to Defendant's comment on the March 1, 2022, posted by said creator explaining to Defendant that she does not have copyright or trademark rights to the short phrase "BUT DID YOU DYE." See Exhibit B for a screenshot of @shoptwiddy's March 4, 2022, response video to Defendant.

5. At least two of Defendant's peers told Defendant her acts were unlawful. Defendant knew, or had reason to know, she was submitting false DMCA takedown requests, and knew the damage the false requests would cause Etsy shop owners.

6. Plaintiffs lost business opportunities and suffered damages to their reputation in the industry because of Defendant's actions.

7. Minimum contacts with a state are established because Defendant's acts done outside Ohio have consequences and effects within Ohio, particularly the Northern District of Ohio, and suffice as a basis for jurisdiction in a suit arising from those consequences. Defendant's acts were specifically directed at Plaintiffs' business, which is located in Toledo, Ohio. Defendant's acts are seriously harmful and were intended to harm Plaintiffs. Defendant's minimum contacts with this jurisdiction have been established.

## PARTIES

8. Plaintiff ON THE BEACH BOUTIQUE LLC ("OTB") is a limited liability company with its principal place of business in Toledo, Ohio. Plaintiff seeks preliminary and permanent injunctive relief restraining Defendant's fraudulent misrepresentations of fact with respect to copyright rights and defamatory statements made about Fye and OTB. Plaintiff also seeks monetary remedies, reasonable attorneys' fees, and other relief as the Court deems just and necessary.

9. Plaintiff Kathy Fye ("Fye") is an individual residing in Lutz, Florida. Fye is the sole owner and principal agent of OTB. Unless otherwise noted where needed, for this pleading Fye was always acting on behalf of OTB or its predecessors and OTB was acting through the acts of its agent and principal, Fye. Accordingly, OTB and Fye will be referred to jointly as "Plaintiffs" unless a separate identification is legally or factually necessary.

10. Defendant Marissa Haynes is an individual who resides in Syracuse, UT. Upon information and belief, Defendant owns and runs an ecommerce business under the name "Ice By Issa." Upon information and belief, Defendant uses the handle name @icebyissa on her social media accounts. Upon information and belief, the @icebyissa social media account is intended to be the social media account for her business. She may have other social media handle names that will be uncovered during discovery.

## BACKGROUND

11. Plaintiff Fye has owned the small business Plaintiff OTB since at least as early as May 21, 2020. She predominantly sells digital download designs for printing onto clothing and fabric.

12. Plaintiff Fye owns the Etsy® shops On the Beach Boutique and On the Beach Boutique SVG. Although Fye owns and operates the website https://onthebeachboutique.com/, the vast majority of Fye's income from her business comes from her two Etsy® shop https://www.etsy.com/shop/OnTheBeachBoutique and https://www.etsy.com/shop/OnTheBeachSVG?ref=shop_sugg.

13. Fye, owner of OTB, owns the copyright to a hand drawn bunny, Copyright Registration No. VA2-280-918 ("Hand Drawn Bunny"). See Exhibit C.

14. Plaintiff OTB sells the digital design for Plaintiff Fye's Hand Drawn Bunny through her Etsy® shops listed above.

15. OTB has sold over 6,000 downloads of her Hand Drawn Bunny.

16. OTB combined the short phrase "BUT DID YOU DYE" with the popular Hand Drawn Bunny ("Bunny and Phrase") and listed the design for sale on Etsy®.

17. Defendant submitted DMCA takedown requests to Etsy® for Plaintiffs' Bunny and Phrase but did not include a copy of a copyright registration in her DMCA takedown request.

18. Etsy® complied with Defendant's DMCA takedown request and removed Plaintiffs' Bunny and Phrase listing, causing Plaintiffs to lose sales.

19. Plaintiffs Bunny and Phrase did not infringe any of Defendant's copyright rights and Plaintiffs lost the ability to sell their own copyright registered Hand Drawn Bunny design during the Spring and Easter selling season, which is the popular season to sell bunny designs.

20. Defendant sells an Easter egg design with the short phrase "BUT DID YOU DYE" where the "O" in "YOU" is an Easter egg (Defendant's Egg Design").

21. Plaintiffs' Bunny and Phrase design is completely different than Defendant's Egg Design.

22. Defendant asserted copyright rights against Plaintiffs for a short phrase, which copyright does not protect.

23. Plaintiffs also sell a design comprising multiple realistic pine trees with the short phrase "I Like Them Real Thick 'n Sprucey" over the trees ("Plaintiffs Tree Design").

24. Defendant sells a design with the same short phrase imposed over a single unrealistic pine tree design ("Defendant Tree Design").

25. Defendant's Tree Design is completely different than Plaintiffs' Tree Design.

26. Defendant submitted a DMCA takedown request to Etsy® to remove Plaintiffs' Tree Design, again alleging copyright infringement for a short phrase, which copyright does not protect, and Defendant did not include a copy of a copyright registration in her DMCA takedown request.

27. Etsy® complied with Defendant's DMCA takedown request and removed Plaintiffs' Tree Design listing causing Plaintiffs to lose sales.

## DEFENDANT'S UNLAWFUL CONDUCT

28. On February 22, 2022, the Etsy® legal department sent Plaintiffs a Notice of Intellectual Property Infringement under the DMCA and removed their Bunny and Phrase from their On the Beach Boutique Etsy® shop (see Exhibit D).

29. The Notice stated Defendant's claimed copyright ownership of the short phrase "BUT DID YOU DYE?"

30. The short phrase "BUT DID YOU DYE?" is a common phrase in the screen printing/custom apparel community.

31. Defendant replaced the "O" in the third word, "YOU," of the short phrase with an Easter egg.

32. Defendant's word "DYE" has markings around the word to illustrate movement, e.g., shaking, of the word.

33. Plaintiffs' Bunny and Phrase design consists of the same words next to Plaintiffs' copyright registered Hand Drawn Bunny. See Exhibit E for a comparison of the designs. (Defendant's design on the left and Plaintiffs' design on the right).

34. Defendant submitted the Notice against the On the Beach Boutique Etsy® shop alleging copyright ownership over the "BUT DID YOU DYE?" design.

35. On February 28, 2022, Plaintiffs received a second DMCA takedown notice from the Etsy® legal department submitted by Defendant (see Exhibit F). This second Notice was submitted against Plaintiffs' On the Beach Boutique SVG Etsy® shop against Plaintiffs' same Bunny and Phrase design.

36. Defendant again alleged copyright ownership of the short phrase "BUT DID YOU DYE?".

37. On March 01, 2022, Plaintiffs received a third DMCA takedown notice from the Etsy® legal team submitted by Defendant (see Exhibit G). This third Notice was submitted against Plaintiffs' On the Beach Boutique Etsy® shop, and alleged copyright infringement of a the short phrase "I Like Them Real Thick n' Sprucey."

38. Defendant's sell a design comprising the words "I Like Them Real Thick n' Sprucey" superimposed in front of an image of a single, stylized, unrealistic tree. Plaintiffs' design consists of the same short phrase superimposed on a group of realistic trees. (see Exhibit H: left side is Defendant's design and right side is Plaintiffs' design).

39. Defendant submitted the third Notice against the On the Beach Boutique Etsy® shop alleging copyright ownership over the short phrase "I Like Them Real Thick n' Sprucey"

40. Defendant submitted merely a link to the listing in her own shop as evidence of ownership in each of the three DMCA takedown requests submitted by Defendant against Plaintiffs.

41. Defendant admits in a comment made on one of her TikTok videos that she is not the original artist of her Egg Design.

42. Defendant did not submit actual evidence of ownership, such as an Assignment or Work for Hire Agreement with any of the three DMCA takedown requests.

43. A search of the Copyright Public Records Portal yields no records of registration for either of the two designs with the U.S. Copyright Office.

44. On February 23, 2022, Defendant posted a TikTok® video to her @icebyissa TikTok® account with the description "BYE BYE HATERS…" In the comments of this video, Defendant claims that she has registered her copyright rights (Exhibit I).

45. In the same February 23, 2022, TikTok® video, Defendant states in the comments that she is not the original creator of the designs, and that she instead purchased the designs from a third-party (see Exhibit J).

46. A written agreement transferring ownership of a copyright from the original author to a person is required to transfer copyright ownership of a design not created by the person.

47. The copyright owner must submit official documentation (usually in the form of a copyright registration certificate) to prove the person owns the copyright. Defendant has never provided any such documentation.

48. Upon belief and information, Plaintiffs' counsel has been notified that Defendant has submitted takedown notices not only against Plaintiffs, but also against numerous other Etsy® shops that employ the short phrase "BUT DID YOU DYE" in their product listings, and any other short phrases that Defendant claims to own the copyright for.

49. Defendant is misusing the report forms made available by Etsy® to report intellectual property infringement by false claiming copyright ownership and causing harm to numerous parties, including Plaintiffs.

50. Defendant is fraudulently misrepresenting to the public that she owns the copyright to these short phrases, thereby insinuating that anyone who uses these short phrases is committing copyright infringement in the course of their business.

51. Defendant's actions not only damage Plaintiff Fye's personal reputation within the industry, but also the integrity of the Plaintiff OTB business and brand.

52. Plaintiffs lost opportunities to sell their products and Copyright Registered design.

53. Section 512(f) of 17 U.S.C. (DMCA), states:

> Any person who knowingly materially misrepresents under this section (1) that material or activity is infringing ... shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer, by any copyright owner or copyright owner's authorized licensee, or by a service provider, who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing, or in replacing the removed material or ceasing to disable access to it.

## COUNT I

## VIOLATION OF THE DIGITAL MILLENIUM COPYRIGHT ACT: 17 USC § 512

54. Plaintiffs reallege each allegation set forth in paragraphs 1-53 above.

55. 17 USC § 512(f) provides that any person who knowingly misrepresents that the material or activity at issue is infringing shall be liable for "any damages including costs and attorneys' fees incurred by the alleged infringer; by any copyright owner or copyright owner's authorized licensee, who is injured by such misrepresentation."

56. By reasons of the foregoing, Plaintiffs hereby assert a claim against Defendant for injunctive and monetary relief pursuant to 17 U.S.C. § 512(f) with regards to knowingly and materially misrepresenting Plaintiffs' business activities as infringing by misrepresenting Defendant owns copyright rights to two short phrases.

57. Under 17 U.S.C. § 201(a) (The Copyright Act of 1976), "copyright in a work protected under this title vests initially in the author or authors of the work." Subsequent subsections of §201 of this title define other ways in which ownership may be created, transferred or terminated. None of these are applicable to the instant case.

58. Upon information and belief, Defendant did not create the designs at issue and has not engaged in any activity that would effectively transfer to her the ownership of the copyrights of said design. Defendant simply listed her own product listings as proof of ownership.

59. It is well-established that short phrases, such as a slogan or catchphrase, are not subject to copyright protection. Defendant cannot claim copyright ownership of the words included in the designs at issue.

60. The elements of the Defendant's work that stand apart from the words do not rise to a level of sufficient creativity so as to be considered copyrightable under the Copyright Act.

61. Defendant's actions of misrepresenting copyright ownership were and are willful. As early as February 25, 2022, Defendant was confronted by another Etsy® shop owner [personal information omitted to maintain the individual's privacy], with a response that Defendant was claiming ownership over rights she did not have and that she was using the Etsy® DMCA takedown requests to harass other shop owners.

62. Plaintiffs do not claim copyright ownership over the short phrases at issue. However, Defendant's false claims of ownership are causing widespread harm to the screen printing/custom apparel community who sell their goods through the Etsy® platform.

63. As a direct and proximate result of Defendant's misrepresentation, Plaintiffs incurred damages, to be determined at trial, as well as other fees, interest, costs, expenses, attorneys' fees, mental stress, anxiety, pain and suffering, and compensatory and punitive damages for which the Defendant is responsible.

**WHEREFORE**, Plaintiffs demand judgement against Defendant in an amount to be determined at trial, plus costs, attorneys' fees, pre- and post-judgement interest as permitted by law, and all such other and further relief as this Court deems proper.

## COUNT II

## DECEPTIVE TRADE PRACTICES

64. Plaintiffs reallege each allegation set forth in paragraphs 1-63 above.

65. Under § 4165.02(A) of the Ohio Revised Code, Defendant has engaged in deceptive trade practice by falsely claiming ownership of copyright rights that she does not own to the general public.

66. This caused and continues to cause a likelihood of confusion regarding the public's perception and understanding of who, if anyone, owns the respective copyrights to the designs at issue.

67. By reason and foregoing, Plaintiffs hereby asserts a claim against the Defendant for injunctive and monetary relief pursuant to § 4165.02(A) of the Ohio Revised Code, with regards to Defendant's deceptive trade practices.

68. As a direct and proximate cause of Defendant's conduct, the Plaintiff incurred damages in an amount to be determined at trial, as well as, other fees, interest, costs, expenses, attorney fees, mental stress, anxiety, pain and suffering and compensatory and punitive damages for which Defendant is responsible.

**WHEREFORE**, Plaintiffs demand judgment against Defendant in an amount to be determined at trial, plus costs, attorneys' fees, pre- and post-judgment interest as permitted by law, and all such other and further relief as this Court deems just and proper.

## COUNT III

## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS

69. Plaintiffs reallege each allegation set forth in paragraphs 1-68 above.

70. By reason and foregoing, Plaintiffs hereby assert a claim against Defendant for injunctive and monetary relief with regards to tortious interference with Plaintiffs' contractual relationship with Etsy® to be able to sell through Plaintiffs' shops on the Etsy® platform.

71. The elements of tortious interference with a contract right are: "(1) a contractual relationship; (2) the tortfeasor's knowledge thereof; (3) an intentional interference causing a breach or termination of the relationship; and (4) damages resulting therefrom.

72. There was a contractual relationship between Plaintiffs and Etsy®, as every Etsy® shop owner must enter into with Etsy® to use the Etsy® platform to list and sell their goods.

73. Defendant, as an Etsy® seller and contracting party with Etsy® herself under the shop name IcebyIssa, knew of Plaintiffs' contractual relationship with Etsy®.

74. Defendant purposefully and intentionally interfered with Plaintiff's contractual relationship by filing false DMCA claims and alleging intellectual property infringement to cause a failure and breach of Plaintiffs' contractual relationship.

75. Intellectual property infringement is grounds for breach under the Etsy® seller contract.

76. Defendant's intentional interference caused Plaintiffs to, at the least, lose profits from the listings taken down from Plaintiffs' Etsy® shops, and harmed Plaintiffs' reputation with Etsy® and as a seller within the screen printing/custom apparel community.

77. Plaintiffs' customers, who purchased the Bunny and Phrase to press onto apparel such as t-shirts, have had their apparel listings removed after Defendant submitted DMCA takedown requests for said listings.

78. Plaintiffs have received emails from their customers inquiring about why Plaintiffs' Bunny and Phrase design infringes Defendant's intellectual property.

79. Plaintiffs' customers believe, because of Defendant's false DMCA takedown requests, that Plaintiffs lack integrity in business.

80. Plaintiff incurred damages in an amount to be determined at trial, as well as other fees, interest, costs, expenses, attorneys' fees, punitive damages for with Defendant is responsible, as a direct and proximate cause of Defendant's conduct.

**WHEREFORE**, Plaintiffs demand judgement against Defendant in an amount to be determined at trial, plus costs, expenses, attorneys' fees, pre- and post-judgement interest as permitted by law, and all such other and further relief as this Court deems just and proper.

## COUNT IV

## DEFAMATION PER SE

81. Plaintiffs reallege each allegation set forth in paragraphs 1-80 above.

82. To prevail on a defamation claim, plaintiff must prove:

(1) a false statement, (2) about the plaintiff, (3) was published without privilege to a third party, (4) with fault of at least negligence on the part of the defendant, and (5) the statement was either defamatory per se or caused special harm to the plaintiff.

83. Ohio recognizes that certain statements constitute defamation per se. These statements are so egregious that they will always be considered defamatory and are assumed to harm the plaintiff's reputation, without further need to prove that harm.

84. In Defendant's February 23, 2022, TikTok® video with the description "BYE BYE HATERS…," Defendant posted the written statement that OTB is suing Etsy® because OTB had received multiple notices of intellectual property infringement and that OTB had infringed Defendant's intellectual property rights (see Exhibit K).

85. This statement is a false statement of fact and was published to the general public to view on Defendant's TikTok® video and damaged Plaintiffs' reputation.

86. Plaintiffs have incurred injury to their reputation and has experienced damages because of the actions of Defendant.

87. Defendant's defamatory statement damages Plaintiffs' reputation in their trade and occupation by attacking the integrity of Plaintiffs' business reputation and practices by stating that Plaintiffs are engaging in illegal activities.

88. Defendant made the false statement of fact with negligence or actual malice.

89. As a direct and proximate cause of Defendant's conduct, the Plaintiffs have incurred damages to be determined at trial, as well as other fees, interest, costs, expenses, attorneys' fees, and punitive damages for which Defendant is responsible.

**WHEREFORE,** Plaintiffs demand judgement against Defendant in an amount to be determined at trial, plus costs, attorneys' fees, punitive damages, pre- and post-judgement interest as permitted by law, and all such other and further relief as this Court deems just and proper.

## COUNT V

## FALSE LIGHT

90. Plaintiffs reallege each allegation set forth in paragraphs 1-89 above.

91. "In Ohio, one who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy if (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." Welling v. Weinfeld, 866 N.E.2d 1051 (Ohio 2007) (quoting Restatement (Second) of Torts § 652E).

92. Citing the statement made by Defendant under Count IV for Defamation Per Se and attached hereto as Exhibit K, Defendant places Plaintiffs in a false light by stating that Plaintiffs are engaging in practices that habitually infringe others' intellectual property rights, evidenced by the inclusion of the words "multiple infringements."

93. In the same statement, Defendant also comments that OTB is suing Etsy®, which is false. This comment insinuates that Plaintiffs would act litigiously upon receiving valid notices of intellectual property infringement. Plaintiffs have not violated any of Defendant's intellectual property rights, and this suit is born out of Plaintiffs' efforts to protect itself from false claims of infringement and unprovoked defamatory statements made by Defendant in regard to Plaintiffs.

94. Defendant had knowledge that her statement was false. The only reason OTB had received "multiple [notices of] infringement" were because Defendant submitted the DMCA takedown requests herself with knowledge that they were false. Defendant displayed reckless disregard for the truth when she commented on a fictitious suit being filed by Plaintiffs against Etsy® as she did not have personal knowledge of this, and this information would have been widely available through public record in the appropriate jurisdiction's court system.

95. As a direct and proximate cause of Defendant's conduct, the Plaintiffs have incurred damages to be determined at trial, as well as other fees, interest, costs, expenses, attorneys' fees, and punitive damages for which Defendant is responsible.

**WHEREFORE,** Plaintiffs demand judgement against Defendant in an amount to be determined at trial, plus costs, attorneys' fees, punitive damages, pre- and post-judgement interest as permitted by law, and all such other and further relief as this Court deems just and proper.

## COUNT VI

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

96. Plaintiffs reallege each allegation set forth in paragraphs 1-95 above.

97. Defendant owed Plaintiffs a duty not to misrepresent that Plaintiffs had violated copyright law.

98. Defendant breached its duty to Plaintiffs when it intentionally or recklessly caused Etsy® to remove Plaintiffs' designs from Etsy's® marketplace when Defendant misrepresented Plaintiffs were violating copyright law.

99. The conduct of Defendant was extreme and outrageous.

100. As a direct and proximate cause of Defendant's conduct, Plaintiffs incurred damages in an amount to be determined at trial, as well as, other fees, interest, costs, expenses, attorney fees, mental stress, anxiety, pain and suffering and compensatory and punitive damages for which Defendant is responsible.

**WHEREFORE**, Plaintiffs demand judgment against Defendant in an amount to be determined at trial, plus costs, attorneys' fees, pre- and post-judgment interest as permitted by law, and all such other and further relief as this Court deems just and proper.

### JURY DEMAND

101. Although the Plaintiffs seek an equitable injunction, even cases predominantly sounding in equity can sometimes have one or more issues of fact or law suitable for a jury. Accordingly, should the Court find that there are any issues of fact or law suitable for a determination by a jury, the Plaintiffs respectfully request a jury trial.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs Kathy Fye and ON THE BEACH BOUTIQUE LLC, seek relief against Defendant and request that judgment be entered as follows:

A. That this Court issue an Injunction against Defendant, her officers, agents, employees, and all other persons acting in active concert or participating with her:

1. Restraining her from continuing to falsely claim ownership of copyright rights she does not own;

2. Restraining her from continuing to file false DMCA claims with Etsy®, and requiring her to withdraw false DMCA claim previously filed;

3. Restraining her from continuing to fraudulently misrepresent to the public that she owns the copyright to the "BUT DID YOU DYE?" and the "I like them real thick and sprucey" short phrases; and

4. Restraining her from continuing to tortiously interfere with the contracts of Etsy® shop owners by filing false DMCA and copyright infringement complaints; and

5. Restraining her from making any public statements about Plaintiffs.

B. That Defendant be required to file with the Court and serve on Plaintiffs a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) calendar days after the entry of such order of injunctive relief;

C. That Plaintiffs be awarded all actual damages caused by Defendant's violation of 17 U.S.C. § 512(f), in an amount to be determined at trial, and that such amount be trebled;

D. That Plaintiffs be awarded full restitution for all damage caused by Defendant's unlawful conduct under 17 U.S.C. § 512(f), in an amount to be determined at trial;

E. That Plaintiffs be granted such other and further relief as this Court shall deem just, lawful or equitable.

                                                                Respectfully Submitted,

Dated: May 23, 2022

*/s/ Matthew T. Kemp*
Matthew T. Kemp (0093136)
SHUMAKER, LOOP & KENDRICK, LLP
1000 Jackson Street
Toledo, Ohio 43604
Telephone: (419) 241-9000
Facsimile: (419) 241-6894
Email: mkemp@shumaker.com

*/s/JeanetteM. Braun*
Jeanette M. Braun (IL Bar No. 6332483)
*Pro hac vice*
John J. Mariane (IL Bar No. 6333018)
*Pro hac vice*
Braun IP Law, LLC
1600 W. Lake Ave, Suite 103B
Addison, IL 60101
Ph: (773) 504-4036
Fax: (312) 240-0825
jmbraun@brauniplaw.com
jjmariane@brauniplaw.com
*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs Kathy Fye and ON THE BEACH BOUTIQUE LLC hereby request a trial by jury in the above-captioned case.

Dated: May 23, 2022

*/s/ Matthew T. Kemp*
Matthew T. Kemp (0093136)
SHUMAKER, LOOP & KENDRICK, LLP

*/s/Jeanette M. Braun*
Jeanette M. Braun (IL Bar No. 6332483)
John J. Mariane (IL Bar No. 6333018)
(Application for Admittance to Northern District
of Ohio Will Be Submitted)
BRAUN IP LAW, LLC

*Attorneys for Plaintiffs*